# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORNELIUS WAGSTAFF, | ) | |
|     Plaintiff | ) | C.A. No. 18-74 Erie |
| v. | ) | |
| | ) | District Judge Susan Paradise Baxter |
| ERIE USA EXPRESS, LLC, et al., | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

## I.  INTRODUCTION

### A.  Relevant Procedural History

Plaintiff initiated this action by filing a complaint on March 6, 2018, and subsequently filed a first amended complaint [ECF No. 6] on May 31, 2018. Defendants filed an answer to the amended complaint, and a case management conference was conducted by this Court on November 27, 2018, at which time the parties were ordered to complete discovery by March 27, 2019. [ECF No. 18]. In addition, the case was referred to mediation, to be conducted by January 31, 2019.

On February 13, 2019, Plaintiff's counsel filed an unopposed motion to extend the mediation deadline based, in part, upon his inability to contact Plaintiff. [ECF No. 25]. This motion was granted and the mediation deadline was extended to March 15, 2019. [ECF No. 26]. On March 18, 2019, Defendants filed a motion to compel discovery [ECF No. 28], indicating that Plaintiff had failed to respond to discovery requests that were served on or about January 7, 2019. A hearing on this motion was held on March 27, 2019, during which the Court granted Plaintiff's counsel's oral motion to withdraw his representation of Plaintiff due to his continued

1

inability to contact Plaintiff, despite numerous attempts to do so. [ECF No. 32]. Due to Plaintiff's absence, no mediation has been held and no discovery responses have been provided by Plaintiff.

As a result, presently before the Court is Defendant's motion for involuntary dismissal of this case [ECF No. 34] based upon Plaintiff's failure to prosecute. This motion was served upon Plaintiff at his last known address and Plaintiff was ordered to file a response by April 18, 2019; however, no response has been filed to date.

**B.     Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Nonetheless, the Court recognizes that "'dismissals with prejudice or defaults are drastic sanctions' that 'must be a sanction of last, not first, resort." Hildebrand v. Allegheny County, ___ F.3d ___, 2019 WL 1783540, at *3 (3d Cir. 2018), citing Poulis, 747 F.2d at 867, 869.

In this case, for the past several months, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants. He has failed to be available for the scheduling of a

mediation, failed to respond to Defendants' discovery requests, and failed to remain in contact with his attorney, thus resulting in the withdrawal of his attorney's representation. Plaintiff has also failed to comply with multiple Orders of this Court. Alternative sanctions, such as monetary penalties, are deemed inappropriate. Thus, Defendants' motion for involuntary dismissal [ECF No. 34] will be granted, and this case will be dismissed due to Plaintiff's failure to prosecute.

An appropriate Order follows.